UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREG BLAKE; LAUREN BLAKE,<br><br>Plaintiff,<br><br>v.<br><br>FARMERS GROUP PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:25-cv-05024-TMC<br><br>ORDER TO SHOW CAUSE |

This case was removed by Defendant Farmers Group Property and Casualty Insurance Company ("Farmers") to the United States District Court on January 9, 2025, Dkt. 1, and assigned to this Court on January 13, 2025, Dkt. 3. The Court issues this Order on its own accord after reviewing the Notice of Removal, Plaintiffs Greg Blake and Lauren Blake's ("the Blakes") underlying Complaint, Dkt. 1–2, and Farmers's Answer, Dkt. 5. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (The Court has "an independent obligation to determine whether subject-matter jurisdiction exists.").

This is a Court of limited jurisdiction. For a legal action to proceed, the Court must have subject matter jurisdiction over the action. In their notice of removal, Farmers asserts that the Court has subject matter jurisdiction over this action due to "diversity jurisdiction." Dkt. 1 at 2.

ORDER TO SHOW CAUSE - 1

For there to be diversity jurisdiction (which would provide the Court with subject matter jurisdiction), the amount in dispute must exceed $75,000 and the parties must be citizens of different states. *See* 28 U.S.C. § 1332(a).

The current filings do not provide an adequate basis for diversity jurisdiction. There must be complete diversity of citizenship between the opposing parties. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). Local Civil Rule 101(f) requires that if removal is based on diversity, "the notice of removal must also, to the extent possible, identify the citizenship of the parties." LCR 8(a).

In their notice of removal, Farmers alleges that Plaintiffs are "residents" of Washington. Dkt. 1 at 2 (citing Dkt. 1–2 ¶ 2.1). "But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A natural person's citizenship is "determined by her state of domicile, not her state of residence." *Id.* "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* As the party asserting diversity jurisdiction, Farmers bears the burden of proof. *Id.* at 857–58. The operative Notice does not contain sufficient allegations to sustain Farmers's burden to establish diversity jurisdiction at the pleading stage. In its response to this Order, Farmers must address whether it can cure this defect by amending its notice of removal or providing other evidence to sufficiently allege the Blakes' citizenship. *See id*; 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Accordingly, the Court ORDERS Farmers to respond within 14 days and show cause why this case should not be remanded to state court for lack of jurisdiction.

ORDER TO SHOW CAUSE - 2

Dated this 17th day of January, 2025.

*[signature]*

Tiffany M. Cartwright
United States District Judge